NOT DESIGNATED FOR PUBLICATION

Nos. 119,905
119,906
119,907

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADAM J. BIBLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed February 22, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Adam J. Bible appeals the district court's decision to revoke his probation and impose his underlying prison sentences in three cases. We granted Bible's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded by not objecting to summary disposition but requesting that we affirm the revocation of Bible's probation. After review, we find no abuse of discretion on the part of the district court and affirm.

On July 3, 2014, as part of a plea agreement with the State, Bible pled guilty in 14 CR 1330 to fleeing or attempting to elude a law enforcement officer and possession of

1

methamphetamine, both felonies. Apparently as a result of his plea, Bible was released from jail prior to sentencing, but just days later the State alleged that he had violated the terms of his release by committing new crimes. This prompted new charges for identity theft by the State in 14 CR 1818. On November 19, 2014, again as part of a plea agreement with the State, Bible pled guilty to two counts of identity theft and, in yet another case, 14 CR 2158, to burglary of a dwelling and theft, all felonies. The plea agreement on the latter two cases included a provision that both parties agreed to the high number in the appropriate sentencing guidelines grid box, consecutive sentences on all counts, and that Bible, if he violated the terms of his probation, would not seek reinstatement or modification of his sentences. On January 13, 2015, Bible was allowed to withdraw his plea in 14 CR 1330 to the fleeing or attempting to elude a law enforcement officer count, and the State dismissed that charge.

On March 27, 2015, the district court sentenced Bible in accordance with the plea agreement. For case 14 CR 1330, the district court sentenced Bible to 32 months in prison; for 14 CR 1818, 28 months in prison; and for 14 CR 2158, 30 months in prison, for a total overarching sentence of 90 months. However, Bible was placed on probation from his sentences for a period of 24 months.

On January 7, 2016, Bible stipulated to violating the terms of his probation by using methamphetamine, waived his right to a probation hearing, and agreed to a two-day jail sanction. Later, on March 15, 2016, the State sought to revoke Bible's probation on the grounds that he violated the terms of his probation by committing theft, driving with a revoked license, failing to report, and absconding. Bible ultimately pled guilty to another charge of misdemeanor theft; at his probation violation hearing on July 13, 2016, Bible admitted to the violations. The district court imposed a 180-day prison sanction and extended his probation for 24 months.

2

On April 11, 2017, the State again sought to revoke Bible's probation on the grounds that he violated the terms of his probation by testing positive for methamphetamine, failing to report, and committing new crimes. At his May 26, 2017 probation violation hearing and as a condition of being admitted into the drug court program, Bible admitted to these allegations and agreed to an 18-month extension of his probation. Bible was also given a three-day jail sanction.

On June 14, 2017, the State sought to revoke Bible's probation for a third time, alleging that he had violated the terms of his probation by committing numerous crimes in Saline County, which included drug and forgery offenses. The warrant was later amended to include the allegation of methamphetamine use. At his July 6, 2018 probation violation hearing, Bible stipulated to violating the terms of his probation by committing new crimes, given his convictions in a new Saline County case. Citing Bible's agreement to the overarching 90-month sentence and his commission of new crimes, the district court revoked his probation and ordered that he serve his underlying prison sentences in all three cases.

On appeal, Bible argues "the district court abused its discretion by imposing a global 90 month prison sentence as disposition for his probation violations." He claims that this sanction does not adequately address his drug addiction, making it unreasonable. Once a violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. See *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions as outlined in K.S.A. 2018 Supp. 22-3716. Bible bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2018 Supp. 22-3716 requires the district court to impose intermediate sanctions before revoking an offender's probation. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions, one of which is if the offender commits a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Here, it is undisputed by the parties that Bible violated the terms of his probation by committing new crimes. Given that Bible both exhausted his intermediate sanctions and committed new crimes, the district court was well within its authority to revoke his probation and impose his underlying prison sentences. Bible's repeated commission of new crimes while on probation completely undermines his argument that he was entitled to another opportunity at probation or a reduction in his sentences. As Bible fails to persuade us that *no* reasonable person would have taken the view of the district court, we conclude the district court did not abuse its discretion.

Affirmed.